IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02917-BNB

GREGORY BELL,

    Applicant,

v.

FRANCIS FALK, Warden, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

---

ORDER TO DRAW CASE
TO A DISTRICT JUDGE AND TO A MAGISTRATE JUDGE

---

    Applicant, Gregory Bell, is a prisoner in the custody of the Colorado Department of Corrections at the Limon Correctional Facility in Limon, Colorado.  Mr. Bell has filed *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 1) challenging the validity of his conviction in Arapahoe County District Court case number 00CR1858.  On November 26, 2012, Magistrate Judge Boyd N. Boland ordered Respondents to file a Pre-Answer Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies pursuant to 28 U.S.C. § 2254(b)(1)(A) if Respondents intend to raise either or both of those defenses in this action.  On December 20, 2012, Respondents filed their Pre-Answer Response (ECF No. 13).  On January 4, 2013, Mr. Bell filed a reply to the Pre-Answer Response (ECF No. 14).

    The Court must construe the Application and other papers filed by Mr. Bell

liberally because he is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons stated below, the case will be drawn to a district judge and to a magistrate judge.

Mr. Bell was convicted by a jury of attempted first degree murder, two counts of attempted second degree murder, and numerous other crimes.  The judgment of conviction was affirmed on direct appeal.  *See People v. Bell*, No. 02CA1255 (Colo. App. Nov. 10, 2004) (ECF No. 13-7) (unpublished).  On May 16, 2005, the Colorado Supreme Court denied Mr. Bell's petition for writ of certiorari on direct appeal.  (*See* ECF No. 13-5.)

On September 8, 2005, after his direct appeal concluded, Mr. Bell filed in the trial court a postconviction motion pursuant to Rule 35(b) of the Colorado Rules of Criminal Procedure.  (*See* ECF No. 13-1 at 36.)  On October 6, 2005, the trial court denied the Rule 35(b) motion.  (*See id.* at 35.)  Mr. Bell did not appeal.

On November 23, 2005, Mr. Bell filed in the trial court a postconviction motion pursuant to Rule 35(c) of the Colorado Rules of Criminal Procedure.  (*See id.*)  On December 27, 2005, the trial court denied the Rule 35(c) motion.  (*See id.*)  Mr. Bell did not appeal.

On January 18, 2006, Mr. Bell filed in the trial court a second postconviction Rule 35(c) motion.  (*See id.*)  Counsel was appointed to represent Mr. Bell and the second Rule 35(c) motion remained pending in the trial court until the motion finally was denied on June 3, 2011.  (*See id.* at 25; ECF No. 13-4.)  The trial court's order denying the

second Rule 35(c) motion was affirmed on appeal. *See People v. Bell*, No. 11CA1437 (Colo. App. Sept. 13, 2012) (ECF No. 13-2) (unpublished). Mr. Bell did not seek certiorari review in the Colorado Supreme Court in the state court postconviction proceedings.

Mr. Bell asserts two claims for relief in the Application. He first claims that his due process right to a fair trial was violated when the trial court refused to instruct the jury on the affirmative defense of insanity. His second claim is an ineffective assistance of counsel claim in which he contends that counsel failed to investigate and present sufficient evidence to warrant a jury instruction on the affirmative defense of insanity; failed to present expert testimony regarding Applicant's temporary insanity; and failed to advise Applicant properly regarding his right to testify.

Respondents concede that the instant action is timely filed pursuant to 28 U.S.C. § 2244(d). Respondents also concede that Mr. Bell fairly presented his due process claim to the Colorado Court of Appeals on direct appeal and that he fairly presented his ineffective assistance of counsel arguments to the Colorado Court of Appeals in the postconviction Rule 35(c) proceedings. However, Respondents contend that both claims must be dismissed for failure to exhaust state remedies because Mr. Bell did not present either claim to the Colorado Supreme Court in a petition for writ of certiorari. Mr. Bell does not argue that he raised a federal constitutional due process claim in his petition for writ of certiorari to the Colorado Supreme Court on direct appeal and, as discussed above, he did not seek certiorari review in the Colorado Supreme Court in the postconviction proceedings. Instead, Mr. Bell contends that he is not required to present a claim to the Colorado Supreme Court in a petition for writ of certiorari in order

3

to exhaust state remedies because Colorado Appellate Rule 51.1(a) demonstrates there is no need to seek such review.

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights. See *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. See *Castille v. Peoples*, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever*, 36 F.3d at 1534.

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the state courts in order to satisfy the fair presentation requirement. *Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989). Although fair presentation does not require a habeas corpus applicant to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts." *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam). A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted. See *Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

Finally, "[t]he exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a

federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies.  *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

Respondents are correct that, in order to exhaust state court remedies a claim must be presented to the state's highest court if review in that court is available.  *See O'Sullivan*, 526 U.S. at 845.  However, "there is nothing in the exhaustion doctrine requiring federal courts to ignore a state law or rule providing that a given procedure is not available."  *Id.* at 847-48.  Therefore, if a state articulates that a certain avenue for relief is not part of its standard appellate review process, it is not necessary for a defendant to pursue that avenue in order to exhaust state remedies.  *See id.*

The Court agrees with Mr. Bell's assertion that the State of Colorado has articulated that review in the Colorado Supreme Court is not part of the standard state appellate review process.  More specifically, the Colorado Appellate Rules provide that:

> In all appeals from criminal convictions or postconviction relief matters from or after July 1, 1974, a litigant shall not be required to petition for rehearing and certiorari following an adverse decision of the Court of Appeals in order to be deemed to have exhausted all available state remedies respecting a claim of error.  Rather, when a claim has been presented to the Court of Appeals or Supreme Court, and relief has been denied, the litigant shall be deemed to have exhausted all available state remedies.

Colo. App. R. 51.1(a).  Pursuant to Colo. App. R. 51.1(a), the Court finds that review in the Colorado Supreme Court is not required to exhaust state remedies if the claim in question was presented fairly to, and relief was denied by, the Colorado Court of Appeals.  *See, e.g., Valenzuela v. Medina*, No. 10-cv-02681-BNB, 2011 WL 805787 (D. Colo. Feb. 28, 2011).  As Respondents concede, Mr. Bell fairly presented his federal constitutional claims to the Colorado Court of Appeals either on direct appeal or in the

postconviction Rule 35(c) proceedings and the Colorado Court of Appeals denied relief.

The Court also is not persuaded by Respondents' argument that Colo. App. R. 51.1(a) is not applicable to Mr. Bell's direct appeal because his direct appeal was decided before Colo. App. R. 51.1(a) was adopted. By its plain language, Colo. App. R. 51.1(a) applies to "all appeals from criminal convictions or postconviction relief matters from or after July 1, 1974." Under these circumstances, the Court finds that Colo. App. R. 51.1(a) is merely a clarification of the existing law in Colorado that applies retroactively to Mr. Bell's direct appeal. *See Adams v. Holland*, 330 F.3d 398, 405 (6th Cir. 2003) (finding that new state rule that explicitly applies to "all appeals from criminal convictions or post-conviction relief matters from and after July 1, 1967," applies retroactively); *see also Randolph v. Kemna*, 276 F.3d 401, 404 (8th Cir. 2002) (finding that amendment to state rule to clarify existing state law applies retroactively).

For all of these reasons, the Court is not persuaded by Respondents' arguments that a petition for writ of certiorari still is necessary to exhaust state remedies in Colorado. The Court's conclusion is supported by the fact that four circuit courts have determined that state rules similar to Colo. App. R. 51.1(a) eliminate the need to seek review in the state's highest court in order to satisfy the exhaustion requirement. *See Lambert v. Blackwell*, 387 F.3d 210, 233 (3d Cir. 2004); *Adams*, 330 F.3d at 401-03; *Randolph*, 276 F.3d at 404-05; *Swoopes v. Sublett*, 196 F.3d 1008, 1009-10 (9th Cir. 1999). Therefore, the Court finds that Mr. Bell's claims in this action are exhausted.

In summary, Respondents do not raise the one-year limitation period as an affirmative defense and the Court rejects Respondents' arguments that Mr. Bell failed to exhaust state remedies. Therefore, upon completion of the Court's review pursuant to

D.C.COLO.LCivR 8.2C, the case will be drawn to a district judge and to a magistrate judge. *See* D.C.COLO.LCivR 8.2D. Accordingly, it is

ORDERED that this case shall be drawn to a district judge and to a magistrate judge.

DATED at Denver, Colorado, this 15th day of   January   , 2013.

BY THE COURT:


   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court